# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **PATTY EDWARDS,** | ) | Case No. 8:05CV307 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **ORDER** |
| v. | ) | **and** |
| | ) | |
| **PORTS PETROLEUM COMPANY, INC.** | ) | **REPORT AND** |
| **d/b/a FUEL MART,** | ) | **RECOMMENDATION** |
| | ) | |
| **Defendant.** | ) | |

This matter is once again before the court on the motion of Attorney Jill K. Harker for leave to withdraw as plaintiff's counsel [16]. The court has also considered the defendant's Motion to Dismiss [23] for failure to prosecute.

The first hearing on the motion to withdraw occurred on March 27, 2006. Ms. Harker had been ordered to serve[1] copies of the Motion to Withdraw and the order [17] setting the March 27 hearing on the plaintiff by certified mail, return receipt requested and to timely file proof of service, listing the names and addresses of the persons to whom notice was sent. Unfortunately, Ms. Harker did not comply with these service requirements, the plaintiff failed to appear on March 27, 2006, and the matter was continued to April 20, 2006.

Ms. Harker did send notice of the April 20, 2006 hearing to the plaintiff by certified mail. The item was delivered on April 5, 2006 and accepted by Chris Parker, who cohabits

---

[1]NEGenR 1.3 (f), governing the withdrawal of an appearance, provides: "An attorney who has appeared of record in a case may withdraw upon a showing of good cause, but will be relieved of applicable duties to the court, the client, and opposing counsel only after filing a motion to withdraw with the court, providing proof of service of the notice on the client, and obtaining the court's leave to withdraw."

with the plaintiff. *See* Filing [21]. The plaintiff failed to appear at the April 20, 2006 hearing, at which time defense counsel advised that he intended to file a Motion to Dismiss based on the plaintiff's failure to answer discovery requests or otherwise prosecute the case. The matter was continued to May 23, 2006. During the hearing, Ms. Harker was directed to send plaintiff notice of the May 23 hearing by regular and registered mail.

Defendant's Motion to Dismiss [23] was filed on April 21, 2006. Briefly, the defendant requests that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) due to plaintiff's failure to prosecute.

On May 17, 2006, Ms. Harker filed an "Affidavit of Mailing Notice of Hearing" advising that notice of the May 23, 2006 hearing was sent to the plaintiff by first class mail and by certified mail. The notice was delivered on May 3, 2006 and accepted by Chris Parker. Once again, the plaintiff failed to appear.

The bases for the Motion to Withdraw [16] are that plaintiff has not paid Ms. Harker, that plaintiff would not return Harker's telephone calls for over 60 days, and that plaintiff advised Harker that she wanted to dismiss this case. In the motion, Ms. Harker advises that she has not filed a notice of dismissal because the plaintiff failed or refused to sign a document evidencing her desire to dismiss the case. *See* Filing 16, Attachment #1.

The plaintiff, Patty Edwards, has repeatedly delayed the progression of this case by failing to maintain contact with her attorney and failing to appear for three hearings, the last two of which she undeniably received notice. Ms. Harker advises that the plaintiff wishes to dismiss this case but has not provided any documentation to that effect.[2]

---

[2]Perhaps that is because Ms. Harker's January 27, 2006 letter to the plaintiff appears to condition the filing of a dismissal notice upon Edwards' repayment of the $250 filing fee to Harker.

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Local Rule 41.1 further provides that "[t]he court may at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence." That standard has certainly been met in this case. Largely due to the dysfunctional relationship between the plaintiff and her attorney, the filing of this action has accomplished nothing but a waste of the court's time and the defendant's money. Since the plaintiff has repeatedly failed to go forward with the case and has apparently abandoned the case,

**IT IS RECOMMENDED:**

1. That defendant's MOTION TO DISMISS [24] be granted, and that this action be dismissed with prejudice;

2. In the alternative, that this action be dismissed with prejudice pursuant to NECivR 41.1; and

3. That the plaintiff be assessed all costs of this action.

**IT IS ORDERED:**

1. That counsel's MOTION TO WITHDRAW [16] is granted, and

2. Jill K. Harker shall serve a copy of this ORDER and REPORT AND RECOMMENDATION on the plaintiff, Patty Edwards, and file proof of service with the court on or before **June 1, 2006.** Service by first class mail will be deemed sufficient.

Pursuant to NECivR 72.3, a party may object to the Recommendation for dismissal by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten (10) days after being served with the recommendation. The statement of objection shall specify those portions of the recommendation to which the party objects and the basis of the objection. The objecting party shall file contemporaneously with the statement of objection a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.

**DATED May 23, 2006.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**